# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**TYLER JOSEPH BAREFIELD**                                              **PETITIONER**

v.                                        **No. 4:25-cv-664-DPM**

**DEXTER PAYNE, Director, Arkansas**
**Division of Correction**                                             **RESPONDENT**

## ORDER

On *de novo* review, the Court adopts the recommendation as supplemented, *Doc. 8*, and overrules Barefield's objections, *Doc. 9*. Fed. R. Civ. P. 72(b)(3).

Barefield had a constitutional right to present a defense, but that doesn't mean that Rules of Evidence didn't apply to him. *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006). The exclusion of the "other suspects" evidence was not an unreasonable application of clearly established federal law. *Armstrong v. Hobbs*, 698 F.3d 1063, 1066–67 (8th Cir. 2012).

Barefield's lawyers' bait-and-switch opening statement, which was done without consulting Barefield, gives the Court pause. But the Arkansas Supreme Court's finding that their performance wasn't deficient isn't contrary to, or an unreasonable application of, the Supreme Court's ineffective-assistance precedent. Defense lawyers have a duty to consult with their client on certain important decisions.

*Strickland v. Washington*, 466 U.S. 668, 688 (1984).  But they do not have a duty to consult their client on every decision.  *Florida v. Nixon*, 543 U.S. 175, 187 (2004).  The must-consult category includes "whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."  *Ibid.*   The decision challenged here—saying in opening statement that Barefield might have fired a gun the night of the murders—wasn't a concession of guilt.  *Compare McCoy v. Louisiana*, 584 U.S. 414, 422 (2018).  It was a strategic choice.  Barefield isn't entitled to *habeas* relief.

Barefield's petition will be dismissed with prejudice.  No certificate of appealability will issue.  28 U.S.C. § 2253(c)(1)-(2).

So Ordered.

_WPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_16 July 2026_